# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-4067

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Christopher G. Rhodes, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 4, 2004
Filed: October 7, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Christopher Rhodes appeals the sentence imposed by the district court[1] after he pleaded guilty to possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a) and (b)(1)(A)(iii). The district court sentenced Rhodes to 294 months' imprisonment and 5 years' supervised release. Counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), noting an appeal waiver in the plea agreement. Rhodes did not file a pro se supplemental brief by the court's deadline, but has recently moved to file a

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

supplemental brief in light of the Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).

In pleading guilty, Rhodes expressly waived the right to appeal "all non-jurisdictional issues," except a departure from the Guidelines range. We enforce this appeal waiver, concluding that no miscarriage of justice would result from such enforcement because the district court properly questioned Rhodes at the plea hearing; Rhodes indicated that his plea was voluntary; and the court explained the waiver and received Rhodes's assurance that he had discussed the plea agreement--and specifically the appeal-waiver provision--with counsel, he had no questions, and he agreed with it. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-91 (8th Cir.) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to properly question defendant about decision to enter agreement and to waive right to appeal), <u>cert. denied</u>, 124 S. Ct. 501 (2003).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues falling outside the scope of the appeal waiver. Accordingly, we dismiss the appeal, grant counsel's motion to withdraw, and deny the motion to file a supplemental brief.

_____